IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>v.<br><br>WILFREDO ARIEL SOLANO,<br><br>    Petitioner. | CIVIL No. 3:16-cv-00981<br>(08-cr-0147)<br><br>(Judge Mariani) |

FILED
SCRANTON
MAR 0 6 2019
PER_____
DEPUTY CLERK

MOTION PURSUANT TO FED.R.CIV.P. 60(b) TO RE-OPEN HABEAS PROCEEDINGS
IN LIGHT OF JOHNSON AS EXTENDED TO DIMAYA AND CLARIFICATION IN MATHIS

Movant, Wilfredo Solano moves the Court to re-open his Motion to Vacate, habeas proceeding pursuant to Fed.R.Civ.P. 60(b) in light of Johnson as extended to DiMaya and the clarification of Mathis. In support movant states:

1. On May 25, 2016, Petitioner filed a Motion to Correct Sentence under 28 U.S.C. § 2255 based on Johnson v. U.S., 135 S. Ct. 2551 (2015) as extended to Sessions v. DiMaya, and the clarification in Mathis v. United States. Solano argued he was not a career offender under the Sentencing Guidelines and his sentencing violates due process of law.

2. On March 20th, 2017 Petitioner entered into a joint stipulation of voluntary dismissal so he can raised the issue at a later date.

3. Mr. Solano now requests the Court re-open his habeas proceeding based on the initial right recognized in Johnson, as extended to Dimaya, and clarification in Mathis so he can argue that his prior New York State drug conviction under NYPL 220.16 can no longer serve as a predicate for the career offender guidelines under 4B1.1. See United States v. Townsend, 897 F.3d 66 (2d Cir. 2018).

ARGUMENT

Rule 60(b) allows a party to seek relief from final judgement under a limited set of circumstances. Fed.R.Civ.P. 60(b); Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (2005). Rule 60(b)(6) permits a party to seek reconsideration for "any other reason [other than the specific circumstances set out in Rule

60(b)(1)-(5) that justifies relief "from the operation of the judgment." Further Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgment whenever such action is appropriate to accomplish justice." Klapportt v. United States, 335 U.S. 601, 614-15, 69 S. Ct. 384 (1949). Rule 60(b)(6) is only to be invokved in the most "extraordinary circumstances, without such relief, an extreme and unexpected harship would occur." Sawka v. Healtheast, Inc. 989 F.2d 138, 140 (3d Cir. 1993).

Mr. Solano was sentenced to 210 months on November 28, 2008 based on him be classified as a career offender/ In Mr. Solano's case he estimates that if he is not a career offender, his sentencing range would be about 60 months which is the minimum term required by statute. Mr. Solano has been in continous custody since March 11, 2008 and has already served more than 5 years. To have Mr. Solano serve one more day than he is legally required to constitutes a miscarriage of justice that "our evolving standards of decency cannot tolerate."

As demonstrated by Townsend, Mr. Solano has a meritorious argument that he is not a career offender.

In this case there was a stipulation to dismissal. Consensual judgment may be set aside under Rule 60(b) and hte United States has expressly stated that courts should review consent decrees, even consent decrees in institutional reform litigation, under the standards prescribed by Rule 60(b). Courts should apply those standards on a "flexible," practical basis, and should never apply some special standard requiring a showing greater than that required by the rule itself. Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 378-383, 112 S. Ct. 748 (1992)(courts may grant modification of consent decree concerning jail condition under Fed.R.Civ.P. Rule 60(5) without requiring moving party to meet abstract, inflexible standard of showing that continued applicaton of unmodified decree would result in "grievous wrong.").

At bar counsel in this matter had Mr. Solano stipulate to a voluntary dismissal with out recognizing that Taylor v. United States, 495 U.S. 575. 598 (1990) was clarified in Mathis v. United States, 136 S. Ct. 2243 (2016) would render Mr. Solano's drug conviction non-qualifying

2

as a predicate for the career offender designation. But for the abandonment of counsel, Mr. Solano would have been resentenced to a less harsher term. Counsel's abandonment constitutes extraordinary circumstances that warrant re-opening Mr. Solano's habeas proceeding.

WHEREFORE, liberally construed, WILFREDO SOLANO moves this Court to re-open his habeas proceeding in light of the consent dismissal and counsel's abandonment thereafter so he can demonstrate his meritorious defense that he is not a career offender. Counsel's abandonment constitutes extraordinary circumstances.

Respectfully submitted this 28th day of February, 2019.

Respectfully submitted,

Wilfredo Solano
Reg # 14679-067
LSCI Allenwood
P O Box 1000
White Deer, PA 17887



① 14679-067

INMATE NAME/NUMBER: Wilfredo Solano
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD  LOW
P.O. BOX 1000
WHITE DEER, PA 17887

HARRISBURG PA 171
04 MAR 2019 PM 2 L

◇ 14679-067 ◇
Us District Court
235 N Washington AVE
Scranton, PA 18503
United States

18503-153423

RECEIVED
SCRANTON
MAR 0 6 2019
PEh
DEPUTY CLERK

legal mail