UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

WILFREDO SOLANO

Case No. 3:08-CV-147

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

    and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐  There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of___months (not to exceed the unserved portion of the original term of imprisonment).

  ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before_____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Solano is a fifty-two-year-old male with a history of cardiac arrest and aortic valve repair. He continues to have heart issues including a first-degree AV block and nonrheumatic aortic valve disorder. He also has been diagnosed as prediabetic. According to the CDC, heart conditions such as heart failure, coronary artery disease, or cardiomyopathies increase the risk of serious illness from COVID-19. The CDC does not consider a prediabetic diagnosis to be a risk factor.

Solano is currently housed at SCI Allenwood Low. As of February 2, 2021, there were seven active inmate cases and sixteen staff cases. Overall, 301 of the 568 inmates who have been tested have had positive results. These statistics indicate that there is an imminent risk of being exposed to or contracting COVID-19 at his facility.

Assuming Solano's heart issues put him at an increased risk of serious illness, based on the number of positive tests overall at SCI Allenwood Low, the Court will assume "extraordinary and compelling" circumstances that potentially justify release under the compassionate release statute.

With this assumption, the Court considers the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. The Court finds that relevant factors indicate that Solano's sentence should not be reduced. This case involved a significant amount of drugs and an illegal firearm. With a United States Sentencing Guideline range of 262 to 327 months, Solano was sentenced to 210 months and has a projected release date of November 19, 2023. While he has served well over half of his sentence, Solano has numerous previous convictions including for robbery, drugs (cocaine), and firearm violations and a history of numerous parole and supervised release revocations. He also tried to escape from prison pending sentencing. Solano also has numerous infractions while incarcerated. Given these circumstances, particularly Solano's recidivism and history of parole/supervised release revocations, the Court concludes that the sentencing objectives of adequate punishment and protection of the public indicate that Solano should serve the remaining term of his sentence.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT JUDGE

4