UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Criminal No. 3:08-CR-147 |
| v. | : (JUDGE MARIANI) |
| | : |
| WILFREDO ARIEL SOLANO, | : |
| | : |
| Defendant | : |
| | : |

## ORDER

*The background of this Order is as follows:*

On April 8, 2008, the grand jury returned an indictment charging Wilfredo Ariel Solano ("Petitioner") with four counts. (Doc. 1.) Count One charged distribution and possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841. (*Id.* at 1.) Count Two charged possession and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (*Id.* at 2.) Count Three charged felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*Id.* at 3.) Count Four charged possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). (*Id.* at 4.) On August 27, 2008, before the Honorable William J. Nealon, as part of an amended written plea agreement, the District Court imposed a prison term of 210 months, a three-year term of supervised release, no fine, and a special assessment of $100. (Doc. 31.) Petitioner was classified and sentenced as a career offender. (Doc. 58 at 2.)

1

Petitioner filed the counseled "Motion to Correct Sentence Under 28 U.S.C. § 2255 (Doc. 42) on May 25, 2016. Based on *Johnson v. United States*, 576 U.S. 591 (2015), Petitioner alleged that he was determined to be a "career offender" under the Sentencing Guidelines based on the residual clause of the definition of crime of violence within the meaning of the United States Sentencing Guidelines. (Doc. 42 at 3.) He argued that one of his two convictions used to find him a "career offender" was a prior New York conviction for robbery which he claimed could no longer be classified as a "crime of violence" under the rationale of *Johnson*. (*Id.* at 6.) Following *Johnson*, the Supreme Court held in *Beckles v. United States*, ---U.S.---, 137 S. Ct. 886 (2017), that the advisory Guidelines' residual clause remains valid after *Johnson* because the advisory Guidelines residual clause, unlike the Armed Career Criminal Act ("ACCA") on which *Johnson* was decided, "do not fix the permissible range of sentences," and thus "are not subject to a vagueness challenge under the Due Process Clause." *Id.* at 892. Subsequently, Petitioner filed a stipulation of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) on March 20, 2017. (Doc. 50.) On the same day, the Court entered an Order dismissing the Section 2255 motion and closing the corresponding civil case. (Doc. 51.)

On March 6, 2019, Petitioner, proceeding pro se, filed the motion under consideration here titled "Motion Pursuant to Fed. R. Civ. P. 60(b) to Re-open Habeas Proceedings in Light of Johnson as Extended to Dimaya and Clarification in Mathis." (Doc. 53.) With this motion, Petitioner seeks relief on the basis that his "prior New York State

drug conviction under NYPL 220.16 can no longer serve as a predicate for the career offender guidelines under 4B1.1." (Doc. 53 at 1 (citing *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018)).) He also asserts that counsel who advised him to stipulate to the voluntary dismissal of his 28 U.S.C. § 2255 motion did not recognize that Petitioner's New York drug conviction did not qualify as a predicate for career offender designation pursuant to *Taylor v. United States*, 495 U.S. 575, 598 (1990), and *Mathis v. United States*, ---U.S.---, 136 S. Ct. 2243 (2016). (Doc. 53 at 2-3.)

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court agreed with every Court of Appeals to consider the question of the propriety of a Rule 60(b) motion in the habeas context that a Rule 60(b) motion that "seeks to add a new ground for relief" is "in substance a successive habeas petition and should be treated accordingly." *Id.* at 531, 532.

The Government adds that

> [i]n *Gonzalez*, the Supreme Court held that a Rule 60(b) motion that attacks the "substance of the federal court's resolution of a claim on the merits" and "asks for a second chance to have the merits determined favorably" is a second or successive section 2255 motion. 545 U.S. at 532, n.5. Thus, a Rule 60(b) motion is subject to the gatekeeping requirements if it asserts that a prior habeas motion "omitted a claim of constitutional error" due to neglect and "seek[s] leave to present that claim" or if it "present[s] new evidence in support of a claim already litigated[.]" *Id.* at 531. Such uses of the rule "impermissibly circumvent the requirement" that successive petitions be certified by the court of appeals. *Id.* at 532. Although *Gonzalez* addressed a habeas corpus proceeding involving a state prisoner under 28 U.S.C. 2254, federal appellate courts have uniformly applied it to section 2255 motions. *See Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (collecting cases).

(Doc. 58 at 16-17.)

As noted above, Petitioner previously argued that his New York conviction for robbery was no longer a crime of violence for career offender purposes. (Doc. 42 at 6-11.) Petitioner now argues that his prior New York State drug conviction can no longer serve as a predicate for the career offender guidelines under 4B1.1. (Doc. 53 at 1.)

Considered in the context of the relevant legal framework, the Court concludes that the pending motion is properly characterized as a second or successive motion under 28 U.S.C. § 2255 in that the motion raises new grounds for relief which Petitioner asserts were not raised previously due to error on the part of his prior counsel. Thus, Petitioner must seek an order from the Court of Appeals for the Third Circuit authorizing this Court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Because he has not done so, the Court lacks jurisdiction to consider Petitioner's pending motion.

**ACCORDINGLY, THIS** 31ST **DAY OF AUGUST 2021**, upon consideration of Petitioner's "Motion Pursuant to Fed. R. Civ. P. 60(b) to Re-open Habeas Proceedings in Light of Johnson as Extended to Dimaya and Clarification in Mathis" (Doc. 53) and all relevant documents, **IT IS HEREBYY ORDERED THAT:**

1. Petitioner's "Motion Pursuant to Fed. R. Civ. P. 60(b) to Re-open Habeas Proceedings in Light of Johnson as Extended to Dimaya and Clarification in Mathis" (Doc. 53) is **DISMISSED** for lack of jurisdiction;

2. Petitioner's Motion to Compel Judgment Pursuant to Federal Rule of Civil Procedure, Rule 12(c) is **DEEMED MOOT**.

_____
Robert D. Mariani
United States District Judge